<u>NOT FOR PUBLICATION</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____

MILLVILLE HOUSING AUTHORITY,

                        Plaintiff,                  Civil No. 08-4550

             v.                               **OPINION**

MARY THOMAS,

                        Defendant

_____

**KUGLER,** United States District Judge:

      This matter comes before the Court on its own motion to remand this case for lack of subject matter jurisdiction. Federal courts have a duty to sua sponte review actions to confirm whether they have jurisdiction. <u>Louisville & Nashville Railroad Company v. Mottley</u>, 211 U.S. 149, 152 (1908). This Court reviews the instant action and concludes that it does not have subject matter jurisdiction. As a result, this case will be remanded to the Superior Court.

**I. BACKGROUND**

      The defendant, Ms. Mary Thomas, is a resident of Millville, New Jersey. On August 18, 2008, Ms. Thomas received a summons to the Superior Court of New Jersey Law Division, Special Civil Part notifying her of an impending eviction by the Millville Housing Authority for failure to pay rent. On September 10, 2008, Ms. Thomas's power of attorney, her son, James Brent Thomas, filed a "motion for removal" in this Court that

did not assert any basis for this Court's subject matter jurisdiction over the case. In response to an Order from this Court to file a proper notice of removal, Mr. Thomas filed an amended notice of removal on October 31, 2008. The Court reviews the amended notice of removal sua sponte to determine whether the Court has subject matter jurisdiction over this case.

## II.  STANDARD

When a defendant removes a case to Federal District Court, the defendant "bears the burden [to show] that at all stages of the litigation the case is properly before the federal court." Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 396 (3d Cir. 2004). If there is any question whether removal to this Court is proper, "all doubts . . . should be resolved in favor of remand." Abels v. State Farm Fire & Casualty Co., 770 F.2d 26, 29 (3d Cir. 1995).

According to 28 U.S.C. § 1441, a defendant may remove an action to Federal District Court only if the federal court has original jurisdiction over the action. Federal courts are only statutorily authorized to have original jurisdiction if the suit involves a federal question or if there is diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332.

## III.  ANALYSIS

Defendant contends there is federal jurisdiction in the instant case because she is a "citizen of the Unalachtigo Band of the Nanticoke-Lenni Lenape Nation and a member of the special class of New Jersey residents envisioned to be the beneficiary of the Acts of 1758," on the basis of several federal statutes, Constitutional provisions, and Native American treaties, and because disposition of the instant case will involve the

2

"interpret[ation of] a number of ordinance [sic] or statutes of the Unalachtigo and the State of New Jersey, as well as court decisions of the United States."  Certification of James Brent Thomas, Docket No. 1:08-cv-04550-RBK-AMD, Millville Housing Authority v. Thomas, Civ. No. 08-4550 (D.N.J. Oct. 31, 2008).

### A.  Diversity Jurisdiction

Diversity jurisdiction has not been alleged by the defendant, nor would it be an appropriate basis for this Court's jurisdiction.  There is no diversity between parties in the instant action because both the plaintiff and the defendant are citizens of the state of New Jersey.

### B.  Federal question jurisdiction

Federal question jurisdiction requires that a federal question at issue appear on the face of a "well-pleaded complaint."  Louisville, 211 U.S. at 152.  In other words, "federal law [must] create[ ] the cause of action," or "the plaintiff's right to relief [must] depend[ ] on resolution of a substantial question of federal law."  Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28 (1984).  If the plaintiff's cause of action is created by state law, there must also be a "substantial" federal interest in hearing the claim, and hearing the case must be consistent with the existing division of labor between state and federal courts.  Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308, 314 (2005).

The instant action does not arise under the laws of the United States.  No federal law creates the cause of action at issue.  The case involves a state law landlord-tenant dispute.  Because there is no federal question, it is not necessary to consider whether there is a substantial federal interest in hearing the claim or if removal would be

consistent with the state and federal division of labor.  <u>Grable</u>, 545 U.S. at 313 ("As early as 1912, this Court had confined federal-question jurisdiction over state-law claims to those that "'really and substantially involv[e] a dispute or controversy respecting the validity, construction or effect of [federal] law'" (quoting <u>Shulthis v. McDougal</u>, 225 U.S. 561, 569 (1912))).

The Defendant asserts this Court has jurisdiction because the instant action may involve interpretation of provisions of federal law.  However, interpretation of federal law alone is insufficient to establish federal question jurisdiction.  <u>Grable</u>, 545 U.S. at 313 (rejecting "the expansive view that mere need to apply federal law in a state-law claim will suffice to open the 'arising under' door").  Rather, federal question jurisdiction requires that the plaintiff's right to relief "depend" on resolution of a "substantial issue" of federal law.  <u>Franchise Tax Bd.</u>, 463 U.S. at 27-28.

The defendant asserts a number of federal statutes, provisions of the United States Constitution, and Native American treaties as grounds for subject matter jurisdiction.  None alters the above analysis of this Court's subject matter jurisdiction.  Even if the Defendant were planning to assert these as bases of her defense of this suit, defenses based on federal law are insufficient in themselves to raise a federal question.  <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 393 (1987) ("[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue") (emphasis in original).

Defendant's final argument that her status as a Native American affects original jurisdiction analysis is equally unavailing.  It is well established that original jurisdiction

analysis is not affected by the fact that the defendant is a Native American. Martinez v. Southern Ute Tribe, 273 F.2d 731, 734 (10th Cir. 1960) ("[a]n Indian, because he is an Indian, has no greater right to sue in Federal Court than any other litigant.") Id. at 734 (quoting Deere v. St. Lawrence River Power Co., 32 F.2d 550, 551 (2d Cir. 1929).

## IV. CONCLUSION

Because there is no diversity jurisdiction nor any federal question, this Court does not have subject matter jurisdiction over this action. This case will be remanded to the Superior Court of New Jersey, Special Civil Part. An accompanying order shall issue today.

Dated: 7-21-09            /s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge